NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

The **PURITAN SPORTSWEAR COR-
PORATION**, Respondent.

No. 16538.

United States Court of Appeals
Third Circuit.

Argued Oct. 17, 1967.

Decided Nov. 1, 1967.

Peter Eveleth, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Atty., N. L. R. B., on the brief), for petitioner.

Samuel Leiter, Gordon & Leiter, Boston, Mass. (Herbert L. Turney, Boston, Mass., on the brief), for respondent.

Before HASTIE, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

A refusal of an employer to bargain with a union which the National Labor Relations Board had certified after a representation proceeding led to this unfair labor practice proceeding and the cease and desist order that we are now asked to enforce.

The representation proceeding had resulted in a ruling, as requested by the union concerned, that for purposes of representation and bargaining the employees be divided into a production and maintenance unit and a shipping and warehouse unit. In the consequent election the employees in one unit voted to be represented by the union while the other unit rejected the union. Three years earlier the union had sought and obtained an election in an overall single unit but had been rejected by the employees in that election. There had been no substantial change in the nature or organization of work at the employer's plants during the interval between elections.

 It is not decisive that in the first representation proceeding an overall single unit had been found appropriate, while three years later a division of the work force into two units was found appropriate. It is conceded that a total situation which justifies an overall unit may also justify multiple units. However, counsel for the employer has ably argued that the reasoning which led to the result here challenged is inconsistent with that which led to a different result before. We are not persuaded by this argument. In the one case, reliance was properly placed upon factors justifying a single unit while, in the other, factors making separate units appropriate were stressed. This was permissible and involved no necessarily contradictory findings. Moreover, the approval of separate units did not offend section 9(c)(5) of the Act because relevant and significant factors in addition to "the extent to which the employees have organized" underlay and supported the Board's decision.

The employer also complains that the Board did not conduct a hearing on the unfair labor practice complaint. However, the only matter in dispute was the appropriateness of the separate bargaining units as had been determined after full hearing in the representation proceeding, and the record made in that proceeding was before the Board and is before us. It is not contended that the employer wished to present in the present unfair labor practice proceeding any previously unavailable or newly discovered evidence which could not have been presented in the representation proceeding. Accordingly, we find no error in the Board's procedure.

The order of the Board will be enforced.