**LTV ELECTROSYSTEMS, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 11560.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1968.

Decided Jan. 18, 1968.

Knox L. Haynsworth, Jr., Greenville, S. C. (Thompson, Ogletree & Haynsworth, Greenville, S. C., on brief), for petitioner.

Lawrence M. Joseph, Attorney, N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel and Corinna Lothar Metcalf, Attorney, N. L. R. B., on brief), for respondent.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

LTV Electrosystems, Inc., urges that its "leadmen" were supervisors, and that the National Labor Relations Board erroneously did not afford the company a hearing on alleged election irregularities and in the unfair labor practice proceeding that resulted in an order to bargain.[1] For these reasons it challenges the Board's finding that it violated §§ 8(a) (5) and (1) of the act [2] by its refusal to bargain.

---

1. The decision and order are reported in LTV Electrosystems, Inc., 166 NLRB 81, 65 LRRM 1590 (1967).

2. 29 U.S.C. § 158(a) (5) and (1).

■ After extensive evidentiary hearings, the Board determined that the "leadmen" were not supervisors. We conclude that substantial evidence supports the Board's finding that these employees were properly included in the bargaining unit.

■■ The Regional Director investigated the charges of election irregularities and found them to be without merit. The company's exceptions to his report show no substantial and material issues of fact that could be resolved only in a hearing. The company's request for review was denied by the Board. Under the circumstances, the Board was not required to hold an evidentiary hearing. Macomb Pottery Co. v. NLRB, 376 F.2d 450 (7th Cir. 1967). Nor was an evidentiary hearing required in the unfair labor practice proceeding. Cf. Pittsburgh Plate Glass Co. v. NLRB, 313 U.S. 146, 161, 61 S.Ct. 908, 85 L.Ed. 1251 (1941). Summary judgment was appropriate. Neuhoff Brothers, Packers, Inc. v. NLRB, 362 F.2d 611, 613 (5th Cir. 1966), cert. den., 386 U.S. 956, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967); NLRB v. Puritan Sportswear Corp., 385 F.2d 142, (3rd Cir., Nov. 1, 1967).

The Board's order will be enforced.

Enforced.