NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

AEROVOX CORPORATION OF MYR-
TLE BEACH, SOUTH CARO-
LINA, Respondent.

No. 11652.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 11, 1968.

Decided Jan. 29, 1968.

See also, 4 Cir., 389 F.2d 475.

Alan D. Eisenberg, Atty., N. L. R. B.,
(Arnold Ordman, Gen. Counsel, Domi-
nick L. Manoli, Associate Gen. Counsel,
Marcel Mallet-Prevost, Asst. Gen. Coun-
sel and George B. Driesen, Atty., N. L.
R. B., on the brief) for petitioner.

Wm. H. Smith, Jr., Columbia, S. C.,
(Ellison D. Smith, Jr., Columbia, S. C.,
on the brief) for respondent.

Before BRYAN and BUTZNER, Cir-
cuit Judges, and KELLAM, District
Judge.

PER CURIAM:

The National Labor Relations Board
petitions for enforcement of its order of
June 19, 1967, 165 NLRB No. 70. Find-
ing Aerovox Corporation of Myrtle
Beach, South Carolina, in its electrical
equipment plant there, at fault for not
bargaining, the Board ordered it to bar-
gain with Local Union No. 382, Inter-
national Brotherhood of Electrical Work-
ers, AFL-CIO. The company rested its
refusal on the ground that the unit certi-
fied by the Board for IBEW's represen-
tation was inappropriate.

Only production and maintenance em-
ployees, the company urges, should have
been embraced by the Board, instead of
complying with the union's request for
a unit composed of maintenance em-
ployees, which included maintenance shop
employees, janitors and set-up men, who
keep the production machinery in repair.

Although the employer's pref-
erence would seem more logical, the
Board's determination cannot be rejected
unless arbitrary or capricious. E. g.
Packard Motor Car Co. v. N.L.R.B., 330
U.S. 485, 491, 67 S.Ct. 789, 91 L.Ed.
1040 (1947). Since we conclude that
there is a rational basis for the unit
designated here we cannot interfere with
the Board's judgment.

Nor can we set aside the
summary judgment passed by the Board

at the union's instance based on the evidence. In the absence of special circumstances not shown to exist here, the Board is entitled thus to expedite the case. Pittsburgh Plate Glass Co. v. N.L.R.B., 313 U.S. 146, 161–162, 61 S.Ct. 908, 85 L.Ed. 1251 (1941). Since the company's defenses to the unfair labor practice charge had previously been aired in the representation contest, the Board was justified in resolving the charge without another plenary hearing See Overnite Transportation Co. v. N.L.R.B., 4 Cir., 327 F.2d 36, 40 (1963).

Order enforced.