**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNION BROTHERS, INC., Respondent.**

**No. 11716.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 6, 1968.

Decided Nov. 14, 1968.

Arthur A. Horowitz, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Warren M. Davison, Atty., N. L. R. B., on brief), for petitioner.

Larry M. Wolf and Earle K. Shawe, Baltimore, Md. (Shawe & Rosenthal, Baltimore, Md., on brief), for respondent.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order directing Union Brothers, Inc., to bargain with United Furniture Workers of America, AFL-CIO.[1] The company asserts that it was improperly denied a hearing in the unfair labor practice proceeding and that the board's order is predicated on an erroneous finding that an employee was a supervisor. We find the board's procedure and the result it reached to be unexceptionable and grant enforcement.

An election pursuant to a stipulation for certification upon consent election was conducted among employees in the woodworkers and wood finishers unit at the company's two furniture manufacturing plants in Baltimore on June 10, 1965. Results were 24 votes for the union, 23 against, with nine ballots challenged. The union filed objections to conduct affecting the election. After the customary ex parte administrative investigation, the regional director recommended that six challenges be sustained and two overruled. The ninth ballot was that of John Ellenberger, who the union claimed was a supervisor. The regional director recommended a hearing on Ellenberger's status in the event his vote was crucial. No exceptions to the report were filed. The board, adopting these recommendations, directed that the two confirmed ballots be counted and that a hearing, if necessary, be held to resolve Ellenberger's status.[2] The revised tally, 25 for the union and 24 against, showed that Ellenberger's uncounted vote against the union would be determinative if upheld. An extensive two-day hearing was conducted in which the company, the union, and general counsel examined a number of witnesses.

After the parties filed briefs, the hearing officer issued a detailed report, resolving conflicts in the testimony and setting forth findings and recommendations. Before April 1961 Ellenberger admittedly was in charge of the company's Clement Street plant, where approximately 40 employees worked. The company contended that since April 1961 one of its vice presidents supervised the plant and that Ellenberger was retained only as a leadman. In May 1964 a mill superintendent was employed to help the vice president and to do clerical work previously performed by Ellenberger. The vice president and Ellenberger testified that Ellenberger had no supervisory authority and acted simply on instructions from superiors. The hearing officer concluded that the authority Ellenberger had before 1961 did not completely terminate with the arrival of either the vice president or the superintendent.

Ellenberger admitted he warned employees they would be fired if their work

1. Union Brothers, Inc., 162 NLRB No. 140, 64 LRRM 1209 (1967).

2. The board acted under § 102.69(e) of its rules [29 C.F.R. § 102.69(e)], which provides for a hearing if substantial and material factual issues have been raised.

did not improve. His characterization of this conduct as friendly warnings or friendly gestures was uncorroborated. He admitted he sent an employee home for coming in late. On none of these occasions did he indicate that he was acting on instructions. Ellenberger also signed discipline slips as foreman. The vice president denied giving Ellenberger authority to do this, but Ellenberger claimed authority from the plant superintendent. One employee testified that he complained to the plant superintendent after Ellenberger ordered him to go home, and the superintendent said he was not going over Ellenberger's head. This testimony was not denied by the superintendent. Other employees testified they were docked by Ellenberger for stopping work early.

It was uncontradicted that Ellenberger assigned work, switched men from job to job, handed out paychecks on occasion, requested men to work overtime, and checked and initialed the work of other employees. His activities ranged beyond the area in which he was allegedly a leadman. He often worked in the plant office, and his wages were $1.15 per hour more than the next highest paid leadman.

Upon conflicting testimony, the hearing officer found that Ellenberger hired employees and effectively recommended wage increases. In resolving conflicts the hearing officer properly considered that the president of the company and the plant superintendent did not corroborate Ellenberger's version of transactions of which Ellenberger claimed they had knowledge. The hearing officer found that Ellenberger was a supervisor and recommended that the challenge to his ballot be sustained. The board overruled the company's exceptions and certified the union.

After the company refused the union's request to bargain, general counsel charged a violation of § 8(a) (5) and (1) of the Act.[3] The company admitted the request and refusal to bargain, but denied the unfair labor practices. General counsel moved for summary judgment asserting that the answer admitted all material issues except the status of Ellenberger. The board transferred the case to itself and issued a notice to show cause why the motion should not be granted. The company, in opposition, contended principally that it was improper for the board to decide the case without a hearing. It maintained that the challenge to Ellenberger's ballot was erroneously sustained, that summary judgment was not a permissible procedure, and that even if it were, the motion initially should have been decided by the trial examiner instead of the board. The board rejected the assertion that it had no authority to rule on the motion, found that a bargaining order would effectuate the polices of the Act, and directed the company to bargain upon request.

I.

■■■ The company contends that the board's denial of a hearing on the unfair labor practice complaint and its recourse to summary judgment violated the Labor Act, the Administrative Procedure Act, and the board's rules. Section 10 (b) of the Labor Act provides in part that any person against whom an unfair labor practice has issued "shall have the right * * * to appear in person or otherwise and give testimony at the place and time fixed in the complaint * * *."[4] This court has held, "Due process of law demands * * * that where there is a substantial and material issue of fact relating to the validity of a representation election that a hearing be conducted *at some stage* of the administrative proceeding before the objecting party's rights can

3. 29 U.S.C. § 158(a) (5) and (1).

4. 29 U.S.C. § 160(b). Section 101.10(b) (2) of the board's rules [29 C.F.R. § 101.-10(b) (2)] contains a similar provision: "Every party has the right to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts * * *."

be affected by an enforcement order." NLRB v. Bata Shoe Co., 377 F.2d 821, 825 (4th Cir.), cert. denied, 389 U.S. 917, 88 S.Ct. 238, 19 L.Ed.2d 265 (1967).[5] This requirement was fully met. Pursuant to the board's rules,[6] the regional director investigated the election complaint and found that Ellenberger's status raised substantial and material factual issues. The board adopted his recommendation for a hearing, which was conducted in accordance with the board's rules by a hearing officer.[7] The parties were afforded the right to present evidence and to examine and cross-examine witnesses under oath. In accordance with the board's direction, the hearing officer reported resolutions of credibility, findings of fact, and recommendations. The company had an opportunity to file with the board a brief and exceptions challenging the hearing officer's conclusion that Ellenberger was a supervisor. When the complaint and answer in the unfair labor practice proceeding were subsequently filed the only material issue was the status of Ellenberger. Again the company was afforded an opportunity to present new or previously unavailable evidence on this point. Only after it failed to offer any did the board grant the motion for summary judgment. This procedure satisfied the requirements of due process, the Labor Act, and the board's rule.[8] In the absence of newly discovered or previously unavailable evidence, the company was not entitled to relitigate the status of Ellenberger. "[A] single trial of the issue was enough." Pittsburgh Plate Glass Co. v. NLRB, 313 U.S. 146, 162, 61 S.Ct. 908, 917, 85 L.Ed. 1251 (1941). The summary judgment procedure in no way impaired the company's right to judicial review of the crucial issue in the unfair labor practice proceeding—the status of Ellenberger. This is because the record of the hearing in the representation proceeding must be filed with the court together with the record of the unfair labor practice proceeding.[9] The board's summary judgment procedure is new, but its validity has been decided or assumed by every circuit that has considered it. E. g., NLRB v. Puritan Sportswear Corp., 385 F.2d 142 (3rd Cir. 1967); NLRB v. Aerovox Corp., 390 F.2d 653 (4th Cir. 1968); LTV Electrosystems v. NLRB, 388 F.2d 683 (4th Cir. 1968); NLRB v. Carolina Natural Gas Corp., 386 F.2d 571 (4th Cir. 1967); Neuhoff Bros., Packers, Inc. v. NLRB, 362 F.2d 611 (5th Cir. 1966), cert. denied, 386 U.S. 956, 87 S.Ct. 1027, 18 L.Ed. 2d 106 (1967); NLRB v. Tennessee Packers, Inc., 379 F.2d 172 (6th Cir.), cert. denied, 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967); McComb Pottery Co. v. NLRB, 376 F.2d 450 (7th Cir. 1967).

NLRB v. KVP Sutherland Paper Co., 356 F.2d 671 (6th Cir. 1966), upon which the company relies, is inapposite. There

5. If no substantial and material factual issue exists an evidentiary hearing is not required either at the representational stage or upon the complaint of an unfair labor practice. Summary judgment on the pleadings is proper. NLRB v. Carolina Natural Gas Corp., 386 F.2d 571 (4th Cir. 1967). Failure to grant a hearing in the representation proceeding when substantial and material issues of fact are present can be reviewed and corrected in enforcement proceedings. United States Rubber Co. v. NLRB, 373 F.2d 602 (5th Cir. 1967), NLRB v. Poinsett Lumber & Mfg. Co., 221 F.2d 121 (4th Cir. 1955).

6. Section 102.69(c) [29 C.F.R. § 102.69 (c)].

7. Sections 102.69(e), 102.64, 102.65, and 102.66 [29 C.F.R. §§ 102.69(e), 102.64, 102.65, and 102.66].

8. Application of the board's rule, § 102.67 (f) [29 C.F.R. 102.67(f)], prohibiting relitigation of issues decided in representation proceedings has not been sanctioned when an unfair labor practice, other than refusal to bargain, is charged. Heights Funeral Home, Inc. v. NLRB, 385 F.2d 879 (5th Cir. 1967); Amalgamated Clothing Workers of America, A. F. L.–C. I. O. v. NLRB, 124 U.S. App.D.C. 365, 365 F.2d 898 (1966). Cf. NLRB v. Security Guard Service, Inc., 384 F.2d 143, 150 (5th Cir. 1967).

9. 29 U.S.C. § 159(d).

the court was critical of the board's summary judgment procedure and the failure of the board to grant a hearing on the unfair labor practice charge. The remand, however, limited the hearing to facts not available at the time of the certification hearings. We do not read *KVP Sutherland* as prohibiting summary judgment in all cases, nor has the Sixth Circuit placed such a broad interpretation upon the case. A trial examiner's judgment on the pleadings was approved in NLRB v. Tennessee Packers, Inc., 379 F.2d 172 (6th Cir.), cert. denied, 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967).

▇ The company's contention that the motion for summary judgment should have been addressed to the regional director and considered by the trial examiner instead of the board is without merit. Contrary to the company's assertion, the board did not violate the Administrative Procedure Act,[10] which, with exceptions not material here, prohibits resort to a procedure not published in the Federal Register. The board's rules provide adequate authority for the board's transfer of proceedings to itself.[11] See NLRB v. Aerovox Corp., 390 F.2d 653 (4th Cir. 1968); E–Z

Davies Chevrolet, 161 NLRB No. 121, 63 LRRM 1453 (1966).

▇ The company also challenges the validity of the board's order on the ground that the hearing officer who presided at the post-election hearing did not meet the eligibility requirements of the Administrative Procedure Act.[12] Congress, however, exempted from these requirements proceedings involving decisions resting solely on "inspections, tests, or elections" and proceedings involving "the certification of worker representatives." 5 U.S.C. § 554(a) (3) (6). In view of this, the board's rules[13] designating a hearing officer to consider objections and challenges to the election are not inconsistent with the Administrative Procedure Act.

## II.

▇ The company asserts that in any event the board's finding that Ellenberger was a supervisor is erroneous.

Section 2(11) of the Act [29 U.S.C. § 152(11)] defines a supervisor as:

"any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to ad-

10. 5 U.S.C. § 552(a) (1) (E).

11. Section 102.50 [29 C.F.R. § 102.50]: "Whenever the Board deems it necessary in order to effectuate the purpose of the act or to avoid unnecessary costs or delay, it may, at any time after a complaint has issued pursuant to § 102.-15 or § 102.33, order that such complaint and any proceeding which may have been instituted with respect thereto be transferred to and continued before it or any member of the Board. The provisions of this subpart shall, insofar as applicable, govern proceedings before the Board or any member pursuant to this section, and the powers granted to trial examiners in such provisions shall, for the purpose of this section, be reserved to and exercised by the Board or the member thereof who shall preside."

12. 5 U.S.C. § 554(d) provides in part: "The employee who presides at the reception of evidence * * * may not—
" * * *
"(2) be responsible to or subject to the supervision or direction of an employee or agent engaged in the performance of investigative or prosecuting functions for an agency.
"An employee or agent engaged in the performance of investigative or prosecuting functions for an agency in a case may not, in that or a factually related case, participate or advise in the decision, [or] recommended decision * * * except as witness or counsel in public proceedings."
An examiner satisfies these requirements. See Macy, The APA and the Hearing Examiner: Products of a Viable Political Society, 27 Federal Bar J. 351 (1967). A hearing officer does not.

13. Sections 102.69 and 102.64 [29 C.F.R. §§ 102.69 and 102.64].

just their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment."

Whether an individual is a supervisor or a leadman is a question of fact, NLRB v. Southern Bleachery & Print Works, 257 F.2d 235, 239 (4th Cir. 1958), cert. denied, 359 U.S. 911, 79 S.Ct. 588, 3 L.Ed.2d 575 (1959), and the board's finding must be accepted if there is substantial support for it upon the record considered as a whole. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); NLRB v. Security Guard Service, Inc., 384 F.2d 143 (5th Cir. 1967); NLRB v. Inland Motor Corp., 322 F.2d 457 (4th Cir. 1963). Although it is possible to entertain a different opinion concerning Ellenberger's status, there is sufficient evidentiary support for the board's finding that he was a supervisor. Under these circumstances the board's order must be enforced.