Alvin J. COX, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–1335.

United States Court of Veterans Appeals.

May 26, 1994.

Roger W. Rutherford, Norton, VA, was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Amy S. Gordon, Washington, DC, were on the brief, for appellee.

Before MANKIN, HOLDAWAY, and IVERS, Judges.

IVERS, Judge:

Alvin J. Cox appeals a July 20, 1992, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to an increased evaluation for service-connected schizophrenia, currently rated 30% disabling. *Alvin J. Cox*, BVA 92–17177 (July 20, 1992). We have jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, we affirm the July 1992 BVA decision denying the claim for an increased disability rating but remand the matter because the BVA did not consider whether appellant was entitled to a total disability rating based on individual unemployability (TDIU rating).

## I. FACTUAL BACKGROUND

Appellant served on active duty in the United States Army from August 23, 1958, to August 1, 1959. R. at 16. While in service, he was diagnosed with schizophrenic reaction, paranoid type. R. at 38. On September 18, 1959, a VA regional office (RO) granted service connection for schizophrenic reaction, mixed type. R. at 107. On October 5, 1959, his condition was rated 10% disabling. R. at 116–17. Following a scheduled VA examination, the RO increased the rating for appellant's schizophrenic reaction to 30% disabling. R. at 119. On March 5, 1970, upon review of a Social Service survey that reported that appellant had been operating a mo-

bile home park and selling and repairing mobile homes, the RO reduced the rating for schizophrenia to 0% disabling. R. at 122. In December 1975, appellant sought an increased disability rating for his condition. R. at 123–26. The RO requested that appellant provide further evidence in support of his claim. R. at 127. The record on appeal (ROA), however, contains no further correspondence from appellant concerning this request for an increase.

On July 24, 1989, appellant again sought an increased disability rating for his condition. R. at 128. On March 22, 1990, the RO granted a 30% disability rating for schizophrenic reaction, undifferentiated type, competent. R. at 136–37. Appellant disagreed with the assigned rating, and he filed a Notice of Disagreement (NOD) seeking a 100% rating in June 1990. R. at 138. On November 23, 1990, the RO notified appellant that it had denied the claim for an increased rating. R. at 152. Appellant appeared at a personal hearing before the RO on April 18, 1991. R. at 159–64. He also underwent a VA psychiatric evaluation in June 1991. R. at 170–75. On July 16, 1991, an RO hearing officer continued the denial of the claim for an increased rating. R. at 176. On October 15, 1991, following the receipt and consideration of additional medical records, the RO continued its denial of an increased rating. R. at 198. On July 20, 1992, the Board denied an increased rating in appellant's service-connected schizophrenia (then rated 30% disabling). *Cox*, BVA 92–17177, at 8.

## II. ANALYSIS

### A. *Claim for Increase*

■ Appellant's claim for an increased rating is a new claim, and the Court reviews the Board's findings of fact regarding new claims under a "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990); *see also Butts v. Brown*, 5 Vet.App. 532, 535 (1993) (en banc) (claim for increase is new claim). Under the "clearly erroneous" standard of review, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations,

[the Court] cannot overturn them." *Gilbert, supra.* The Board must base its decisions on "all evidence and material of record," 38 U.S.C. § 7104(a), and must provide a "written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record," 38 U.S.C. § 7104(d)(1). *See Douglas v. Derwinski,* 2 Vet.App. 435, 438–39 (1992) (en banc), vacating in part on other grounds, 2 Vet.App. 103 (1992); *Gilbert,* 1 Vet.App. at 56–57. Pursuant to these statutory requirements, the Board must "account for the evidence which it finds to be persuasive or unpersuasive," and provide reasons or bases for rejecting evidence submitted by or on behalf of the claimant. *Gilbert,* 1 Vet.App. at 57.

▮ The VA has recognized that the field of mental disorders is a complicated field. *See* 38 C.F.R. § 4.125 (1993). Under 38 C.F.R. § 4.130 (1993),

> The severity of disability is based upon actual symptomatology, as it affects social and industrial adaptability. . . . The examiner's classification of the disease as "mild," "moderate," or "severe" is not determinative of the degree of disability, but the report and the analysis of the symptomatology and the full consideration of the whole history by the rating agency will be. . . .

Under the diagnostic code (DC) for schizophrenia, undifferentiated type, a disorder in full remission warrants a noncompensable evaluation (0% disabling), a disorder producing "[m]ild impairment of social and industrial adaptability" warrants a 10% evaluation, a disorder producing "[d]efinite impairment of social and industrial adaptability" warrants a 30% evaluation, and a disorder producing "[c]onsiderable impairment of social and industrial adaptability" warrants a 50% evaluation. 38 C.F.R. § 4.132, DC 9204 (1993). As the Court held in *Hood v. Brown,* 4 Vet.App. 301, 303 (1993), the very term "definite" is qualitative whereas the other terms in the rating schedule for psychotic disorders ("total," "severe," "considerable," "mild," and "full remission") are quantitative. These differing terms, however, can be reconciled when the Board construes the term "'definite' in section 4.132 in a way that quantifies the degree of impairment and not the mere fact that impairment exists." *Id.* at 303–04. The Board may thus fulfill its obligation under 38 U.S.C. § 7104(d) to provide reasons or bases for its decision. *Hood,* 4 Vet.App. at 302; *Gilbert,* 1 Vet.App. at 57.

In this case, the Board's decision and its reasons or bases are adequate. In *Hood,* the Board had "simply concluded that 'the current rating, which contemplates definite social and industrial impairment, is seen as adequately encompassing the symptomatology displayed.'" *Id.* at 302 (citation omitted). Here, the Board reviewed the entire history of appellant's condition and all the evidence in support of or against his claim. In particular, the Board relied on the June 1991 VA psychiatric evaluation, which stated:

> Throughout this evaluation [veteran] is oriented to time, place, and person. He shows no evidence of hallucination, delusion, or thought disorder but makes frequent references to ideas of reference and some paranoid ideation about his military experiences. . . . Affect is flattened and mood is one of a mild chronic depression. Intellect is considered to be within average limits with an average fund of information. . . .
>
> . . . .
>
> Veteran is considered competent for VA purposes. Social and industrial impairment secondary to [schizophrenia, chronic, undifferentiated type] is considered to be slight to definite with no significant change in the past several years. . . .

R. at 175. The Board concluded:

> After reviewing the entire record, the Board concludes that a 50 percent evaluation for the veteran's service-connected schizophrenia is not warranted. The recent medical evidence of record does not indicate that the veteran suffers from considerable social and industrial impairment. In fact, we note the VA examiner's opinion in June 1991 that the veteran's impairment secondary to schizophrenia was deemed to be slight to only definite. Moreover, when examined by the VA in June 1991, objective findings which form the basis for dis-

ability evaluations under 38 C.F.R. [§] 4.130, were essentially normal in many respects. He was oriented in all spheres and the examiner found no evidence of hallucinations, delusions, or a thought disorder. The objective symptomatology does not indicate any more than definite impairment of social and industrial adaptability.

*Cox*, BVA 92–17177, at 8. Having based its decision on the language and the findings of the June 1991 VA psychiatric evaluation, the Board's decision avoided the problem described by the Court in *Hood*. The Board's decision has a plausible basis, and we will thus affirm the Board's denial of an increased rating for appellant's service-connected schizophrenia.

## B. *TDIU Rating*

 We must, however, remand the matter to the Board for adjudication of a claim for a TDIU rating pursuant to 38 C.F.R. § 4.16(b) (1993). Pursuant to 38 C.F.R. § 20.202 (1993), the Board must construe arguments raised in a substantive appeal in a liberal manner to determine whether they raise issues on appeal. *See Myers v. Derwinski*, 1 Vet.App. 127, 129–30 (1991); *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) (VA must liberally read all documents or oral testimony submitted prior to the BVA decision to include all issues presented).

In this case, the Board disregarded statements that appellant was unable to maintain employment. The ROA contains a statement by appellant that he could not hold a job because of his mental disorder (R. at 170), a lay statement that appellant was unable to care for his wife or son (R. at 157), and a physician's letter stating that the condition "would definitely keep [appellant] from holding a normal job in society." R. at 155. On the June 1990 NOD, appellant wrote: "I have not been able to work since 1987." R. at 138. On a December 23, 1991, Statement of Accredited Representative in Appealed Case, appellant's service representative wrote: "This veteran has been contending that he is totally disabled from any form of gainful employment since he reopened [sic] his claim in July 1989." R. at 205.

Appellant submitted evidence regarding his unemployability and thus presented a well-grounded claim for a total disability rating under section 4.16(b) ("It is the established policy of [VA] that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled"), and the Board, therefore, was required to deal with that claim. *See Romeo v. Brown*, 5 Vet.App. 388, 396 (1993); *Proscelle v. Derwinski*, 2 Vet.App. 629, 633–34 (1992). We therefore remand the TDIU rating claim to the Board for adjudication under 38 C.F.R. §§ 4.16(b) and 3.321(b) (1993). *See Fanning v. Brown*, 4 Vet.App. 225, 229 (1993) (Court remanded TDIU rating claim for BVA to provide reasons or bases where BVA had not given extraschedular consideration to the claim); *Fisher v. Principi*, 4 Vet.App. 57, 60 (1993) (Court remanded TDIU rating claim where BVA decision did not make requisite findings of fact or provide reasons or bases for its decision regarding extraschedular consideration of claim); *Moyer v. Derwinski*, 2 Vet.App. 289, 293–94 (1992) (Court remanded for BVA to give reasons or bases regarding potential applicability of 38 C.F.R. § 3.321(b)(1)).

## III. CONCLUSION

Accordingly, upon consideration of the record, appellant's brief, and the Secretary's brief, we AFFIRM the July 1992 decision of the BVA and REMAND the matter for adjudication consistent with this opinion.