**Glenn R. SHERIDAN, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 99–7067.

United States Court of Appeals, Federal Circuit.

July 25, 2003.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Glenn R. Sheridan, who served on active duty with the United States Navy from 1942 through 1946 and from 1951 through 1955, appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court") rejecting his argument that the Veterans Administration regional office committed clear and unmistakable error ("CUE") when it declined to give an earlier effective date to his 100 percent disability rating. We *affirm.*

I

In March 1989 Mr. Sheridan was granted a 10 percent service-connected disability rating for post traumatic stress disorder. A February 1995 regional office decision increased his disability rating to 100 percent, effective May 23, 1993. In March 1995, Mr. Sheridan appealed to the Board of Veterans' Appeals ("BVA"), asserting that the regional office committed CUE in the March 1989 rating decision because evidence before the regional office at that time showed that Mr. Sheridan should have been awarded a disability rating higher than 10 percent. The BVA found no CUE in the regional office's decision because it concluded that Mr. Sheridan's 1989 rating was reasonably supported by the evidence then of record.

Mr. Sheridan then appealed to the Veterans Court. He argued that the regional office had committed CUE in 1989, particularly in light of its alleged failure to consider certain "crucial information" that was

available to the regional office at that time. After addressing at length the evidence that was before the regional office, the court concluded that the record reflected that the regional office "had a plausible basis for denying a rating above 10% in June 1989, and it is merely debatable whether consideration of the appellant's alleged 'crucial information' would have had any effect" on the regional office's decision. Accordingly, the court affirmed the BVA's ruling, concluding that the BVA's determination rejecting Mr. Sheridan's CUE claim was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and that the BVA had not committed error in its articulation of reasons for rejecting Mr. Sheridan's CUE claim.

## II

On appeal, Mr. Sheridan argues that the Veterans Court is required to conduct a *de novo* review to determine if an allegation that a regional office committed CUE is meritorious, and that the Veterans Court improperly deferred to the BVA's conclusions regarding the merits of his CUE claim. The government argues that Mr. Sheridan is precluded from raising this issue on appeal to our court because it was not raised below. Mr. Sheridan admits in his reply brief that the sole argument he has raised on appeal was not raised below, but contends that this court should still consider it.

Mr. Sheridan argues that he could not be expected to have presented his argument regarding the appropriate standard of review to the Veterans Court because that would require him to predict which standard the Veterans Court would actually use in its decision. That argument might have some force if the Veterans Court had unexpectedly applied a new standard of review, contrary to what Mr. Sheridan

could reasonably have expected. In this case, however, the standard of review applied by the court came as no surprise; indeed, it was the very standard that Mr. Sheridan contended was appropriate. In this brief to the Veterans Court, Mr. Sheridan made the following argument:

Upon review of a BVA decision finding no CUE in a prior adjudication, the Court's standard of review is to determine whether that conclusion was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and whether the Board provided an adequate statement of reasons or bases for its determination. *Russell [v. Principi*, 3 Vet.App. 310, 314–315 (1992) (en banc).] *McGhee v. Brown,* 5 Vet.App. 441, 443 (1993).

That was exactly the same standard of review that was recited by and applied by the Veterans Court in its opinion, where it stated:

On appeal of a BVA determination that there was no CUE in a prior final RO decision, the Court's review is limited to determining whether the Board's conclusion is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" (38 U.S.C. § 7261(a)(3)(A)) and whether it is supported by an adequate statement of "reasons or bases" (38 U.S.C. § 7104(d)(1)).

Moreover, in his reply brief in this court, Mr. Sheridan criticizes the Veterans Court's decision in *Russell v. Principi,* 3 Vet.App. 310 (1992) (en banc), which held that the "arbitrary and capricious" standard of review applies to determining whether CUE exists in a prior rating decision. He argues that *Russell* should not be followed because it "gave absolutely no discussion or explanation as to why that was the standard of review to be employed. Further, the *Russell* court gave

absolutely no consideration to the type of question involved in CUE consideration and whether such a question is purely a question of law." Yet in his brief to the Veterans Court, as indicated above, Mr. Sheridan cited the *Russell* case as setting forth the proper standard of review; nowhere in his brief to the Veterans Court did Mr. Sheridan criticize *Russell* or suggest in any way that the standard set forth in *Russell* was wrong and that the court should not follow it.

Mr. Sheridan argues that he could not be expected to have presented his argument regarding the appropriate standard of review to the Veterans Court because that would require him to predict which standard the Veterans Court would actually use in its decision. That argument might have some force if the Veterans Court had unexpectedly applied a new standard of review, contrary to what Mr. Sheridan could reasonably have expected. In this case, however, the standard of review applied by the court came as no surprise; indeed, as we have indicated, it was the very standard that Mr. Sheridan contended was appropriate.

Given that the Veterans Court adopted precisely the standard of review that Mr. Sheridan recited in his brief, there is no justification for permitting him to change his position at this point and argue that it was reversible error for the Veterans Court to apply the very standard that he urged upon that court. *See Forshey v. Principi,* 284 F.3d 1335, 1358 (Fed.Cir. 2002) (en banc) ("[T]he fact that the appellant specifically urged [below] the legal rule that he now challenges [on appeal] counsels against consideration of the issue."); *see generally Boggs v. West,* 188 F.3d 1335, 1337–39 (Fed.Cir.1999); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2558, at 470 (2d ed. 1995) ("The [invited error] rule, which is a branch of the doctrine of waiver, holds that 'a party may not complain on appeal of errors that he himself invited . . . the court . . . to commit" ' (citation omitted)). If Mr. Sheridan wished to preserve the issue of the proper standard of review on appeal in this court, he had an obligation to make his argument to the Veterans Court in the first instance. By arguing in favor of the standard of review that he now contends is erroneous, Mr. Sheridan has forfeited his right to claim that the Veterans Court applied the wrong standard of review. We therefore uphold the decision of the Veterans Court in Mr. Sheridan's case.